# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Civil Action No: _____

| | |
|---|---|
| YAN JIN AND JIE CHEN )<br>)<br>)   Agency Numbers:<br>Plaintiffs,   )       **A 087-799-469**<br>)       **A 087-799-470**<br>)<br>-vs.   )<br>)<br>**JEH CHARLES JOHNSON**, Secretary   )<br>of the Department Of Homeland Security,   )<br>)<br>**LEON RODRIGUEZ**, Director of USCIS   )<br>)<br>**DONALD J. MONICA**,   )<br>Associate Director, Field Operations   )<br>)<br>**RUTH DOROCHOFF**,   )<br>Tampa District Director,   )<br>U.S. Homeland Security   )<br>)<br>**GEOFFREY VENDEROSA**   )<br>West Palm Beach Director,   )<br>U.S. Homeland Security   )<br>)<br>**Defendants.**   ) | |

## PLAINTIFFS' COMPLAINT FOR MANDAMUS AND INJUNCTIVE RELIEF

1

Plaintiffs, Yan Jin and Jie Chen ("Plaintiffs"), by and through their attorney, June Zhou, Esq., respectfully request that this honorable court issue an order pursuant to both the Administrative Procedure Act (APA), 5 U.S.C. 555(b), 706(2)(A), 706(2)(C), and 706(2)(D) and the Mandamus and Venue Act ("Mandamus Act"), 28 U.S.C. 13610 directing the Defendants to adjudicate Ms. Jin and Mr. Chens' Form I-485 applications, which Yan Jin and Jie Chen filed in a timely manner on or about April 17, 2013. **(EXHIBIT B).**

## II. JURISDICTION

1. This court has jurisdiction over the present action pursuant to 28 U.S.C. §1331 (federal question jurisdiction); 8 U.S.C. §1329, the Immigration & Naturalization Act; the Mandamus Act, 28 U.S.C. § 1361 regarding the action of compelling a United States officer to perform his or her duty; and/or the Administrative Procedures Act (APA), 5 U.S.C. § 551, §§ 555(b) & 706(1) et seq.

## III. VENUE

2. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(e) which, as amended, provides that for a civil action in which each defendant is an officer or employee of the United States, or acting in his or her official capacity or with the legal authority of any agency thereof, or is an agent of the United States, the civil action may be brought to any judicial district in which a defendant being

2

sued in their official capacity resides. In this case, the United States Citizenship and Immigration Service (USCIS), an agency of the United States Department of Homeland Security (DHS), does business in its field office in Palm Beach County, Florida. In addition, DHS/USCIS receives petitions for Form I-485 from applicants in both New York and Florida through its P.O. Box location in Mesquite, Texas. A substantial part of these events and/or omissions have given rise to the claim which has occurred in Florida.

3. Further, venue is proper under 28 U.S.C. §1391(e), as the Plaintiffs have resided in Florida for more than six (6) months after they submitted their biometrics. They continue to reside in West Palm Beach County, Florida. The Plaintiffs' applications are currently pending at the USCIS Palm Beach Field Office in the Southern District of Florida.

## IV. PARTIES

### A. Plaintiffs

4. The Plaintiffs are husband and wife, citizens of China, and asylees in the United States. (**EXHIBIT A**).

5. On April 10, 2012, the Plaintiffs were granted asylum by an Immigration Judge in New York. A year later, the Plaintiffs filed their application to adjust their status (**EXHIBIT B**). On May 13, 2013, the Plaintiffs had their biometrics taken in New York (**EXHIBIT C**). In 2014, the Plaintiffs moved to West Palm Beach, Florida. The Plaintiffs' applications are currently pending in Palm Beach County, Florida.

3

## B. Defendants

6. Defendant Leon Rodriguez, who is being sued in his official capacity as Director of the USCIS and he is generally charged with supervisory authority over all USCIS operations. The USCIS is the agency charged with the duty to adjudicate applications to adjust status, such as the Form I-485 filed by the Plaintiffs in 2013, which is the subject of this complaint.

7. Defendant Jeh Charles Johnson, who is being sued, is charged as the Secretary of USCIS with the responsibility of delegation at his discretion for the Department of Homeland Security's USCIS Texas Service Center (TSC) located in Mesquite, Texas, which covers in addition to other areas the districts of New York and Florida. In his role, Mr. Johnson is generally charged to enforce the Immigration and Naturalization Act, including the adjudications of petitions for adjusting status, such as Form I-485 filed by the Plaintiffs in 2013.

8. Defendant Donald J. Monica is being sued in his official capacity as Associate Director of the USCIS Florida offices in Tampa, Orlando, and West Palm Beach. In her role, Mr. Donald is generally charged to enforce the Immigration and Naturalization Act, including the adjudications of petitions for adjusting status, such as Form I-485 filed by the Plaintiffs in 2013.

9. Defendant Ruth Dorochoff is being sued in her official capacity as a Field Office Director of the USCIS offices in Tampa, Orlando, and West Palm Beach, where the Plaintiffs' cases are currently pending. Pursuant to 8 C.F.R. 310.2, the defendant has been delegated the authority to control all USCIS activities within the Tampa

4

district, including the authority to adjudicate the Form I-485 for status adjustment, which was filed by Ms. Jin and Mr. Chen in 2013 and which is the subject of this Complaint.

10. Defendant Geoffrey Venderosa is being sued in his official capacity as a Field Office Director of the USCIS offices in West Palm Beach, where the Plaintiffs' cases are currently pending. In his role, Mr. Venderosa is generally charged to enforce the Immigration and Naturalization Act and has been delegated the authority to control West Palm Beach field office, including the authority to adjudicate the Form I-485 for status adjustment, which was filed by Ms. Jin and Mr. Chen in April 2013 and is the subject of this Complaint.

## VI. FACTUAL ALLEGATIONS

### A. Factual and Procedural Background

11. Plaintiffs are husband and wife and citizens of China residing in West Palm Beach, Florida in the United States. (**EXHIBIT F2**).

12. Mr. Chen holds an M.D., and was a medical doctor in China. Ms. Jin holds a B.A. degree in a field of social science from China.

13. Plaintiffs initially entered the United States with B1/B2 status in New York on July 17, 2009.

14. In January, 2010, the Plaintiffs applied for asylum in New York based on underground Christianity in China.

15. While residing in the United States, both Plaintiffs were enrolled at CUNY. Mr. Chen studied anesthesiology with a 4.0 GPA. Ms. Jin studied social science at CUNY with a 3.62 GPA.

16. On April 10, 2012, the Plaintiffs were granted asylum by an Immigration Judge in New York. (**EXHIBIT A**).

17. A year later, the Plaintiffs filed their application to adjust their status from asylees to permanent U.S. residents (**EXHIBIT B**).

18. On May 13, 2013, the Plaintiffs had their biometrics taken in Long island, New York (**EXHIBIT C**).

19. In or about early 2014, the Plaintiffs moved to West Palm Beach, Florida, and are currently residing in Palm Beach County, Florida. **(EXHIBIT F2).**

20. The USCIS Texas Service Center accepts applications from the districts of New York and Florida. (**EXHIBIT D**). According to its website, the processing time for the I-485 application is about six (6) months at the Texas Service Center and four (4) months for applications based on asylee status (**EXHIBIT E).**

21. During the period from November 2013 to December 2014, the Plaintiffs exhausted almost all possible ways to inquire about the status of their applications at the USCIS Service Center, including online inquiries, calling the USCIS national customer service center, sending emails to the DHS and USCIS, scheduling an *Infopass* to visit the field office, and even writing a letter to the congressman. These inquiries are summarized as follows (**EXHIBITS F1-F5**):

    F1. The Emails, calls and Co-responses to/from the USCIS between the Petitioners and the USCIS while the Petitioners were residing in New York during the period from November of 2013 to February 2014;

    F2. The Emails, calls and Co-responses to/from the USCIS between the Petitioners and the USCIS after the Petitioners moved to West Palm Beach, Florida during the period from June of 2014 to December 2014;

    F3. The Emails to/from the U.S. Senator for Florida, Marco Rubio;

    F4. The Copies of the Petitioners' confirmations for the appointments via *Infopass*.

    F5. A copy of one of those responses from USCIS to the Plaintiffs showed an incorrect receipt and alien number for Ms. Jin.

22. The USCIS never gave any explanation for the delay in adjudicating their applications, but simply issued numerous notices of having received their inquiries. One of those responses from USCIS to the Plaintiffs showed an incorrect receipt and Alien number. (**EXHIBITS F5**).

23. In their repeated disregard for the evidence on record and the Plaintiffs' arguments of law, the Defendants acted in a callous and irresponsible way which contradicted the law and its applicable guidelines, thus denying due process to the Plaintiffs.

## V. CLAIMS FOR RELIEF

### A. Count One:
*The USCIS Committed an Unreasonable Delay*
*In Violation of the Administrative Procedures Act (APA)*

24. Plaintiffs re-allege and incorporate as reference paragraphs 1 through 23 above as though fully set forth herein.

7

25. The APA requires administrative agencies to conclude matters presented to them "within a reasonable time", 5 U.S.C. §555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed" 5 U.S.C. §706(1). "Agency action" includes "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or <u>failure to act</u>" 5 U.S.C. §551(13) (*Emphasis added*).

26. The measure of what length of time is considered "reasonable" depends on many factors, including an average processing time for similar applications. The average processing time alone, however, cannot justify outrageous delays, and may at a certain point be considered itself unreasonable. At the Palm Beach Field Office, an I-485 application is scheduled within six (6) months of filing. **(EXHIBIT D)**. At the Texas Service Center, an I-485 application is scheduled within six (6) months of filing, while the application based on an asylee status is scheduled within four (4) months to adjudicate an I-485 application. **(EXHIBIT E)**

27. In the present case, the Plaintiffs' I-485 applications have remained pending by the USCIS for about twenty (20) months. This length of time is considered unreasonable for a person who has in the past waited more than two years for the results of their asylum applications and have lost opportunities and have abilities to accept a stable and a professional employment that he or she had studied for more than a decade and that requires a permanent resident status or a citizenship.

28. The Defendants' failure to adjudicate the applications for permanent status within a reasonable time—without providing any reason or explanation to the applicants—violates the APA, 5 U.S.C. §555 (b); 5 U.S.C. 706(1) and 706(2).

29. As a result of the Defendants' inaction, the Plaintiffs have suffered and continue to suffer injury, namely the inability to obtain stable employment in their professions for which they have studied long and hard. The Plaintiffs have been delayed for several years in their application for U.S. citizenship, on account of which they are unable to petition immigration for and to reunite to their aged parents considering that, as asylees, the Plaintiffs are unable to return to China in the foreseeable future. Thus, declaratory and injunctive relief is warranted.

## B. Count Two:
### *Mandamus*

30. Plaintiffs re-allege and incorporate as reference paragraphs 1 through 29 above as though fully set forth herein.

31. Defendants owe to Plaintiffs a ministerial duty to both timely adjudicate their permanent resident applications and to complete any other investigation required by the DHS for their adjustment of status. The Defendants failed to perform this duty.

32. The Plaintiffs have no adequate remedy at law for the Defendants' failure to both timely adjudicate their applications for permanent residency and to complete any investigation required by the DHS/USCIS required for adjusting their status to permanent residents.

33. The Mandamus Act provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff" 28 U.S.C. §1361.

34. The court further holds that Mandamus is proper if (1) the Plaintiffs can show a clear right to the relief sought; (2) the Defendants have a clear, non-discretionary duty to act; and (3) no other remedy is available" *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003).

35. The Plaintiffs are aware that, as amended, Section 245 of the INA provides that the decision to adjust an alien's status to lawful permanent residency lies solely within the discretion of the Attorney General and "under such regulations as he may prescribe" 8 U.S.C. 1225(a) (2006). As there has been no decision yet made on their case, the Plaintiffs are not making a complaint regarding any decision on their applications, but rather that said decisions have been unreasonably delayed.

36. Although the decision of whether or not to grant applications for permanent residency rests within the discretion of the Secretary of Homeland Security, regulations and the majority of court decisions hold that immigration officials have a non-discretionary duty to act on an application (see 8 C.F.R. 245.2). Also, the majority of courts addressing this issue have held that the USCIS has a non-discretionary duty to process applications for LPR status as well as other immigration applications.

a. See *Jones v. Gonzales*, No. 07-20334, 2007 U.S. Dist. LEXIS 45012, S.D. Fla June 12, 2007, finding that subject matter jurisdiction to remand Plaintiffs' status adjustment applications to USCIS to complete the security background investigations and for a "reasonably prompt" adjudication of Plaintiffs' applications. *Id.*

b. See *Cacace v. Swacina*, No.07-20410, Order on Motion to Dismiss (S.D. Fla. May 17, 2007), finding that the agency had unreasonably delayed action in an application and provided no sufficient explanation for the delay, 8 U.S.C. 1252(a)(2)(B)(ii), and rather barred review of actual discretionary decisions to grant or deny relief.

c. See *Case No. 07-20410-CIV0JORDAN*, held that the USCIS's interpretation of 8 U.S.C. 1252(a)(2)(B)(ii) would bar an applicant from seeking judicial relief, even if the USCIS took no action on the application for 10, 15, or even 50 years if it simply decided that it would not review the application at all. The USCIS does not point to anything in the language, structure, or legislative history of 1252(a)(2)(B) which suggests that congress intended this result (ID Case No. 07-20410-CIV0JORDAN).

d. See *Tjin-A-Tam v. United States Dept. of Homeland Security*, No. 05-23339, 2007 U.S. Dist. LEXIS 17994 (S.D. Fla. 2007) finding jurisdiction over the mandamus action to compel DHS to adjudicate plaintiff's Adjustment of Status Application (Form I-485).

37. Furthermore, the USCIS received the Plaintiffs' application fees of $2,014 (each application fee is $930 plus an $85 biometric fee), which do not guarantee the granting of their permanent resident status. This assumes a duty by the USCIS to the applicants to adjudicate their application within a reasonable time. The USCIS fees are non-waivable and non-refundable, which further creates a duty to make a decision on said applications. Here, Congress clearly did not intend that the USCIS charge application fees in advance while not adjudicating the applications or prolonging delay in adjudicating applications. Thus, the fact that the USCIS/DHS took no action and gave no explanation for the unreasonable delay in adjudicating the Plaintiffs' applications while holding their application fees is in betrayal of public trust and violates the Plaintiffs' due process.

### C. Count Three:
### *The Violation of Plaintiffs' Right to Due Process of Law Under The United States Constitution*

38. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37 above as though fully set forth herein.

39. Defendants, the USCIS/DHS, and its respective officers failed to provide any explanation to Plaintiffs for their numerous inquiries about their I-485 applications, and failed to process their I-485 applications in a reasonable time period. In doing so, the Defendants failed to observe the procedure required by law and has thus violated the Plaintiffs' right to due process of law under the United States Constitution.

40. Defendants willfully and unreasonably disregarded multiple inquiries made by the Plaintiffs regarding their request to adjudicate their I-485 applications, and systematically failed to provide a sufficient written notice and explanation for such delay, which created mental anxiety and emotional distress for the Plaintiffs, thus violating the Plaintiffs' right to due process of law under the Unite States Constitution. As a result, the Defendants' inaction must be held as unlawful and set aside.

41. The right to fundamental fairness in administrative adjudication is protected by the due process of the Fifth Amendment to the United States Constitution. The right to apply for a permanent residency is protected under the Immigration and Nationality Act. The Plaintiffs may seek injunction to compel Defendants to adjudicate their applications promptly and without further delay in accordance with the law and United States Constitution.

42. The Defendants have willfully and unreasonably refused to adjudicate the Plaintiffs' application for status adjustment, thereby depriving them of their right to become a lawful permanent resident of the United States and denying the peace of mind to which the Plaintiffs are entitled to under the Immigration and Nationality Act.

43. The Plaintiffs have acted diligently in pursuing their applications and have exhausted any administrative remedies that may exist.

## VI. PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, the Plaintiffs respectfully pray that this Honorable Court:

1. Assume jurisdiction of this case

2. Provide injunctive and mandamus relief to compel the Defendants and those acting under them to take all necessary actions to perform their duty of adjudicating the Plaintiffs' adjustment of status forthwith

3. Grant such other and further relief as this Court deems proper under the circumstance

4. Award the Plaintiffs their attorney's fees and costs of court pursuant to the Equal Access to Justice Act (EAJA) or other applicable law.

Respectfully submitted,

Yan Jin and Jie Chen

BY COUNSEL:

_____
June Zhou, Esq.
FL Bar No: 0694045
Law Offices of June Zhou
21346 Saint Andrews Blvd., #209
Boca Raton, FL 33442.
Telephone: (954) 482-0274
              (561) 573-7577
Facsimile:  (954) 482-0275
Email:      jhzlaw@gmail.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**
YAN JIN AND JIE CHEN

**DEFENDANTS**
USCIS/DHS, JEH CHARLES JOHNSON, Secretary of the DHS, et al.,

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
June Zhou, Esq.
21346 Saint Andrews Bvld., #209, Boca Raton, FL 33433

Attorneys *(If Known)*
U.S. Attorney
500 Australian Ave. 4th FL, West Palm Beach, FL 33401

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)**
*(See instructions):*

a) Re-filed Case ☐ YES ☒ NO      b) Related Cases ☐ YES ☒ NO

JUDGE _____      DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
8 U.S.C. §1329, 28, §1361, 5 §551,55 & 706(1) et seq.
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE: December 20, 2014

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  IFP_____  JUDGE_____  MAG JUDGE_____

PLAINTIFFS' COMPLAINT FOR MANDAMUS AND INJUNCTIVE RELIEF
*Yan Jin and Jie Chen (A087799469/A087799470)*

## LIST OF EXHIBITS

**EXHIBIT A:** Copy of the Order of the Immigration Judge Granting the Plaintiff, Yan Jin's Asylum Application

**EXHIBIT B:** Copy of a Receipt of Form I-485, Application to Register Permanent Residence or Adjust Status by the Texas Center, Which Was Dated on April 15, 2013

**EXHIBIT C:** Copy of Appointment Notice for Capturing Biometrics

**EXHIBIT D:** USCIS Processing Time Information for the West Palm Beach FL Field Office

**EXHIBIT E:** USCIS Processing Time Information for the Texas Service Center

**EXHIBIT F:** Copies of Emails, Appointment Notices and Co-responses to/from the USCIS:

**F1.** The Emails, calls and Co-responses to/from the USCIS between the Petitioners and the USCIS while the Petitioners were residing in New York during the period from November of 2013 to February 2014;

**F2.** The Emails, calls and Co-responses to/from the USCIS between the Petitioners and the USCIS after the Petitioners moved to West Palm Beach, Florida during the period from June of 2014 to December 2014;

**F3.** The Emails to/from the U.S. Senator for Florida, Marco Rubio;

**F4.** The Copies of the Petitioners' confirmations for the appointments via *Infopass*.

**F5.** A copy of one of those responses from USCIS to the Plaintiffs showed an incorrect receipt and alien number for Ms. Jin.